Kevin Laukaitis*
Jonathan Shub (SBN 237708)
**SHUB LAW FIRM LLC**
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
klaukaitis@shublawyers.com
jshub@shublawyers.com

*Attorneys for Plaintiff and the Class*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MATTHEWS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTON & BASSETT SPICES,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

**CLASS ACTION COMPLAINT**

# CLASS ACTION COMPLAINT

Plaintiff, Jeanne Matthews ("**Plaintiff**"), on behalf of herself and all others similarly situated, brings this class action against Defendant, Morton & Bassett Spices, ("**Defendant**" or "**Morton & Bassett**"), and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

# INTRODUCTION

1.      This is a consumer class action brought individually by Plaintiff and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more spices manufactured by Defendant.[1]

2.      Defendant is one of the premier manufacturers and distributors of spices and seasonings in the United States.

3.      Since 1986, Defendant has offered a diverse range of spices and seasonings.

4.      Defendant touts itself as a company that cares for the quality of its products and the well-being of its customers. Through representations on the website, Defendant guarantees "Our top priority has always been food safety" and

---

[1] The purchased products include, but are not limited to Morton & Bassett-branded: basil, ground ginger, ground thyme, and ground turmeric (the "Spices."). Plaintiff reserves to right to amend the Complaint to include/revise the list of products subject to this Complaint.

**CLASS ACTION COMPLAINT**

details the steps it takes to "ensure product cleanliness and safety for our customers."[2]

5.      Unbeknown to Plaintiff and members of the proposed Classes, and contrary to the representations on the Spices' label, the Products contain heavy metals, including arsenic, cadmium, and lead at levels above what is considered safe for children and adults, which, if disclosed to Plaintiff and members of the proposed Classes prior to purchase, would have caused Plaintiff and members of the proposed Classes not to purchase or consume the Spices.

6.      Tellingly, Defendant does not list heavy metals as an ingredient on the Spices' label nor does it warn of the potential presence of heavy metals in its Spices.

7.      As a result, the Spices' labeling is deceptive and misleading.

8.      Plaintiff and the members of the proposed Classes, as defined below, thus bring claims for consumer fraud and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

## **THE PARTIES**

9.      Plaintiff is a resident and citizen of the State of Illinois, residing in Evanston, Illinois and is a member of the proposed Classes defined herein. She purchased various Spices in Illinois during the applicable statutory period.

---

[2] https://mortonbassett.com/pages/about-morton-bassett (last accessed Jan. 21, 2022).

**CLASS ACTION COMPLAINT**

10.     Defendant Morton & Bassett Spices is a California corporation, with its principal place of business at 1400 Valley House Drive, Suite 100 Rohnert Park, CA 94928. As such, Defendant is a resident and citizen of California.

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over Defendant in this matter. The acts and omissions giving rise to this action occurred in the state of California. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed, advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and omissions that occurred in the state of California, during the relevant time period, at which time Defendant were engaged in business activities in the state of California.

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more putative Class Members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different

**CLASS ACTION COMPLAINT**

states. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.     Pursuant to 28 U.S.C. § 1391(a), venue is proper because a substantial part of the events giving rise to the claims asserted occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(c) because Defendant conducts substantial business in this District, is headquartered in this District, has sufficient minimum contacts with this District, and otherwise purposely avails itself of the markets in this District, through the promotion, sale, and marketing of the Products in this District.

## FACTS COMMON TO ALL CLASS MEMBERS

14.     Defendant manufactures, distributes, promotes, offers for sale, and sells the Spices, both in the past and currently. Defendant has advertised and continues to advertise the Products through television commercials, print advertisements, point-of-sale displays, product packaging, Internet advertisements, and other promotional materials.

15.     An investigation by known consumer-advocacy group Consumer Reports revealed that Spices manufactured by Defendant contain "potentially dangerous heavy metals:"[3]

---

[3] https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/#tests (last accessed January 21, 2022)

CLASS ACTION COMPLAINT

> "Roughly one-third of the tested products, 40 in total, had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical serving sizes. Most raised concern for adults, too."[4]

16.     Exposure to heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function. Lead and arsenic are heavy metals known to cause a wide spectrum of adverse outcomes in pregnancy such as abortions, retarded growth at the intrauterine cavity, skeletal deformities, malformations and retarded development especially of the nervous system.[5]

17.     Young children are particularly vulnerable to lead because the physical and behavioral effects of lead occur at lower exposure levels in children than in adults. A dose of lead that would have little effect on an adult can have a significant effect on a child. In children, low levels of exposure have been linked to damage to the central and peripheral nervous system, learning disabilities, shorter stature, impaired hearing, and impaired formation and function of blood cells.[6]

---

[4] *Id.*
[5] *Id.*
[6] *See* https://www.cdc.gov/nceh/lead/prevention/pregnant.htm.

CLASS ACTION COMPLAINT

18.     EPA has set the maximum contaminant level goal for lead in drinking water at zero because lead is a toxic metal that can be harmful to human health even at low exposure levels. Lead is persistent, and it can bioaccumulate in the body over time.[7]

19.     The Agency for Toxic Substances and Disease Registry states that there may be no threshold for lead with regards to developmental impact on children. "In other words there are no safe limits for [lead].[8]

## FED. R. CIV. P. 9(b) ALLEGATIONS

20.     Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

21.     **WHO:** Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

---

[7] *See* https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water.

[8] G. Schwalfenberg, I. Rodushkinb, S.J. Genuis, "Heavy metal contamination of prenatal vitamins," Toxicology Reports 5 at 392 (2018).

7

CLASS ACTION COMPLAINT

22.   **WHAT:** Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

23.   **WHEN:** Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

24.   **WHERE:** Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Products and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

25.   **HOW:** Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint,

Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

26.    **WHY:** Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following proposed Classes:

> **National Class**: All persons within the United States who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

Plaintiff also brings this action on behalf of the following State Sub-Class:

> **Illinois Sub-Class**: All persons in the State of Illinois who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

**CLASS ACTION COMPLAINT**

28.   Excluded from the proposed Classes are the Defendant, and any entities in which the Defendant has controlling interest, the Defendant's agents, employees and its legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and Plaintiff's counsel, their staff members, and their immediate family.

29.   Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

30.   Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31.   **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are thousands, if not hundreds of thousands, of putative Class Members. Moreover, the number of members of the Classes may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by mail and/or

**CLASS ACTION COMPLAINT**

electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

32. **Predominance of Common Questions of Law and Fact – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are limited to, the following:

    a. Whether the Spices contain dangerous levels of heavy metals;

    b. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Spices are deceptive;

    c. Whether Defendant's actions violate the state consumer fraud statutes invoked below;

    d. Whether Defendant's actions constitute common law fraud;

    e. Whether Plaintiff and Members of the Classes were damaged by Defendant's conduct;

    f. Whether Defendant was unjustly enriched at the expense of Plaintiff and Class Members; and

    g. Whether Plaintiff and Class Members are entitled to injunctive relief.

33. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiff are typical of the claims of other Members of the Classes.

All Members of the Classes were comparably injured by Defendant's conduct described above, and there are no defenses available to Defendant that are unique to Plaintiff or any particular members of the Classes.

34.   **Adequacy – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Classes. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further, Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff does not have any conflicts of interest or interests adverse to those of putative Classes.

35.   **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a class action, Plaintiff and members of the Classes will continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Accordingly, the proposed Classes satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

**CLASS ACTION COMPLAINT**

36.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Members of the Classes as a whole. In particular, Plaintiff seeks to certify the Classes to enjoin Defendant from selling or otherwise distributing spices until such time that Defendant can demonstrate to the Court's satisfaction that their spices are accurately labeled.

37.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

    a.  The damages suffered by each individual members of the putative Classes do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct;

    b.  Even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

    c.  The claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes;

**CLASS ACTION COMPLAINT**

d.  Individual joinder of all members of the Classes is impracticable;

e.  Absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendant's unlawful conduct; and

f.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the putative Classes can seek redress for the harm caused by Defendant.

g.  In the alternative, the Classes may be certified for the following reasons:

  i.  The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant;

  ii.  Adjudications of claims of the individual members of the Classes against Defendant would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or

**CLASS ACTION COMPLAINT**

impede the ability of other putative Class Members to protect their interests; and

iii. Defendant has acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief with respect to the putative Classes as a whole.

## CAUSES OF ACTION

## COUNT I

**Violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1, et seq.**
**(On Behalf of the Illinois Subclass)**

38.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

39.     The Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1, et seq., prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

40.     Plaintiff and other members of the Illinois Sub-Cass, as purchasers of the Spices, are consumers within the meaning of the ICFA given that Defendant's business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

**CLASS ACTION COMPLAINT**

41.    Defendant's conduct in misrepresenting the benefits of its Spices constitute the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

42.    Defendant also knowingly concealed, suppressed, and consciously omitted material facts to Plaintiff and other members of the Illinois Sub-Class knowing that consumers would rely on the advertisements and packaging and Defendant's uniform representations to purchase the Spices.

43.    Plaintiff and the other Illinois Sub-Class Members reasonably relied upon Defendant's representation that the Spices was safe for personal use and, due to Defendant's omission, Plaintiffs relied on Defendant's labeling to conclude that the Product was not contaminated with any dangerous substance, including heavy metals.

44.    Defendant's conduct, as described herein, took place within the State of Illinois and constitute unfair or deceptive acts or practices in the course of trade and commerce, in violation of 815 ICFA 505/1, et seq.

45.    Defendant violated the ICFA by representing that the Spices has characteristics or benefits that it does not have. 815 ILCS § 505/2; 815 ILCS § 510/2(7).

**CLASS ACTION COMPLAINT**

46.     Defendant advertised the Spices with intent not to sell it as advertised, in violation of 815 ILCS § 505/2 and 815 ILCS § 510/2(9).

47.     Defendant engaged in fraudulent and/or deceptive conduct which creates a likelihood of confusion or of misunderstanding in violation of 815 ILCS § 505/2; 815 ILCS § 510/2(3).

48.     Defendant engaged in misleading and deceptive advertising that represented that the Spices were safe. Defendant chose to label the Spices in this way to impact consumer choices and gain market dominance, as it is aware that all consumers who purchased the Spices were exposed to and would be impacted by its omission and would reasonably believe that the Spices was safe for personal use and did not contain any dangerous contaminants, including heavy metals. However, the Product is not safe, as it is contaminated with heavy metals.

49.     Defendant intended that Plaintiff and each of the other Illinois Sub-Class Members would reasonably rely upon the misrepresentations, misleading characterizations, warranties and material omissions concerning the true nature of the Spices.

50.     Defendant's misrepresentations, concealment, omissions, and other deceptive conduct were likely to deceive and cause misunderstanding and/or in fact caused Plaintiff and each of the other Illinois Sub-Class Members to be deceived about the true nature of the Spices.

**CLASS ACTION COMPLAINT**

51.     Plaintiff and Class Members have been damaged as a proximate result of Defendant's violations of the ICFA and have suffered damages as a direct and proximate result of purchasing the Spices.

52.     As a direct and proximate result of Defendant's violations of the ICFA, as set forth above, Plaintiff and the Illinois Sub-Class Members have suffered ascertainable loss of money caused by Defendant's misrepresentations.

53.     Had they been aware of the true nature of the Spices, Plaintiff and Class Members either would have paid less for the Product or would not have purchased it at all.

54.     Plaintiff and the Illinois Sub-Class Members are therefore entitled to relief, including restitution, actual damages, treble damages, punitive damages, costs and attorney's fees, under sections 815 ILCS 505/10a of the ICFA. Plaintiff and Class Members are also entitled to injunctive relief, seeking an order enjoining Defendant's unfair and/or deceptive acts or practices.

## COUNT II
### Fraud
### (On Behalf of the Nationwide and/or Illinois Sub-Class)

55.     Plaintiff, individually and on behalf of the National Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

56.     Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

a. **WHO**: Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

b. **WHAT**: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

c. **WHEN**: Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

**CLASS ACTION COMPLAINT**

d. **WHERE**: Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Products and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

e. **HOW**: Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

f. **WHY**: Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

57. As alleged herein, Defendant made these material representations and omissions in order to induce Plaintiff and Class Members to purchase the Spices.

**CLASS ACTION COMPLAINT**

58.    As alleged in detail herein, Defendant knew the misrepresentations and omissions regarding the Spices were false and misleading but nevertheless made such representations and omissions through the marketing, advertising and on the Spices' labeling. In reliance on these representations and omissions, Plaintiff and Class Members were induced to, and did, pay monies to purchase the Spices.

59.    Had Plaintiff and the Class known the truth about the Spices, they would not have purchased the Spices.

60.    As a proximate result of the fraudulent conduct of Defendant, Plaintiff and Class Members paid monies to Defendant, through its regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

## COUNT III
### Unjust Enrichment
### (On Behalf of the Nationwide and/or Illinois Sub-Class)

61.    Plaintiff, individually and on behalf of the National Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

62.    Plaintiff and the putative Class Members conferred a benefit on Defendant when they purchased the Spices, of which Defendant had knowledge. By its wrongful acts and omissions described herein, including selling the Spices, which contain heavy metals, including arsenic, cadmium, and lead at levels above what is

CLASS ACTION COMPLAINT

considered safe for children and adults, Defendant was unjustly enriched at the expense of Plaintiff and the putative Class Members. Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

63.     Defendant has profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and the putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from their wrongful conduct as described herein in connection with selling the Spices.

64.     Defendant has been unjustly enriched in retaining the revenues derived from the proposed Class Members' purchases of the Spices, which retention of such revenues under these circumstances is unjust and inequitable because Defendant manufactured defective Spices, and misrepresented the nature of the Spices, misrepresented their composition, and knowingly marketed and promoted dangerous and defective Spices, which caused injuries to Plaintiff and Members of the proposed Class because they would not have purchased the Spices based on the same representations if the true facts concerning the Spices had been known.

65.     Plaintiff and the putative Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have

**CLASS ACTION COMPLAINT**

purchased the Spices on the same terms or for the same price had they known the true nature of the Spices and the misstatements regarding what the Spices were and what they contained.

66.     Plaintiff and the putative Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

67.     When required, Plaintiff and the putative Class Members are in privity with Defendant because Defendant's sale of the Spices was either direct or through authorized sellers. Purchasing through authorized sellers is sufficient to create such privity because such authorized sellers are Defendant's agents for the purpose of the sale of the Spices.

68.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and the putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for its inequitable and unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated members of the Classes, pray for relief and judgment, including entry of an order:

**CLASS ACTION COMPLAINT**

A. Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B. Directing that Defendant bear the costs of any notice sent to the Class(es);

C. Declaring that Defendant must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Products, or order Defendant to make full restitution to Plaintiff and the members of the Class(es);

D. Awarding restitution and other appropriate equitable relief;

E. Granting an injunction against Defendant to enjoin it from conducting its business through the unlawful, unfair and fraudulent acts or practices set forth herein;

F. Granting an Order requiring Defendant to fully and appropriately recall the Spices, to remove the claims on its website and elsewhere, including the material representations and/or omissions that the Spices do not contain heavy metals;

G. Ordering a jury trial and damages according to proof;

**CLASS ACTION COMPLAINT**

H. Awarding Plaintiff and members of the Class(es) statutory damages, as provided by the applicable state consumer protection statutes invoked above;

I. Enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

J. Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

K. Awarding civil penalties, prejudgment interest and punitive damages as permitted by law; and

L. Ordering such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated: January 25, 2022          Respectfully submitted,

<u>/s/ Jonathan Shub</u>
Jonathan Shub (SBN 237708)
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com

25

**CLASS ACTION COMPLAINT**

klaukaitis@shublawyers.com

Gary E. Mason*
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@masonllp.com

Gary M. Klinger*
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 202-640-1168
Fax: 202-429-2294
gklinger@masonllp.com

*Pro Hac Vice* Application Forthcoming

*Attorneys for Plaintiff and Putative Class Members*

**CLASS ACTION COMPLAINT**

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Jonathan Shub, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at Shub Law Firm LLC, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if call as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Haddonfield, New Jersey this 25th day of January, 2022.

_/s/ Jonathan Shub_
Jonathan Shub

**CLASS ACTION COMPLAINT**