**SHUB LAW FIRM LLC**
Jonathan Shub (SBN 237708)
Kevin Laukaitis*
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff*

**KELLER & HECKMAN, LLP**
Robert S. Niemann (SBN 87973)
Natalie E. Rainer (SBN 252456)
Three Embarcadero Center, Suite 1420
San Francisco, CA 94111
T: (415) 948-2800
Email: niemann@knlaw.com
rainer@khlaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MATTHEWS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MORTON & BASSETT SPICES,<br><br>Defendant. | Case No.: 3:22-cv-00497-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. James Donato<br><br>Date: May 5, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor |

The parties to the above-entitled action respectfully submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

Defendant has been served. Plaintiff is unaware of any issues concerning personal jurisdiction or venue. Plaintiff's position is that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A). No other parties remain to be served.

2. **Facts**

A. **Plaintiff's Statement**

This is a consumer class action lawsuit against Defendant Morton & Bassett Spices. Plaintiff alleges that some of Defendant's spice products, including basil, ground ginger, ground thyme and ground turmeric (the "Spices") contain heavy metals, including arsenic, cadmium and lead and that Defendant misrepresented and/or failed to disclose that the Spices contain (or risk containing) such heavy metals. Specifically, a recent investigation by the well-known consumer-advocacy group Consumer Reports states that the offending herbs and spices, including the Products, "had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical serving sizes. Most raise concern for adult, too. Plaintiff further alleges that if Defendant had disclosed the presence (or risk) of those heavy metals in the Spices prior to purchase, Plaintiff and the members of the proposed Class would not have purchased and consumed the Spices. Plaintiff asserts the following claims: (i) violation of the Illinois Consumer Fraud Act, (ii) fraud, and (iii) unjust enrichment. Plaintiff brings her action individually and on behalf of a proposed national class and an Illinois subclass.

B. **Defendant's Statement**

In November 2021 a Consumer Reports article entitled "Your Herbs and Spices Might Contain Arsenic, Cadmium, and Lead" (available at https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/#tests) was published, describing the results of testing for several heavy metals in various herbs and spices. Consumer Reports tested 126 samples, consisting of 15 types of dried herbs and spices produced by 38

different companies. Each sample was analyzed for arsenic, cadmium, and lead. The tests results were ranked by Consumer Reports based on an unknown methodology, and each of the 126 herbs and spices tested was placed into one of four categories: "no concern", "some concern", "moderate concern", and "high concern". All but four of the Morton & Bassett products had a "no concern" result. The four that are the subject of this class action lawsuit Basil, Ground Ginger, Ground Thyme and Ground Turmeric were found to be of "some concern".

The plaintiffs have not submitted their own testing or investigation in support of their complaint. The Consumer Reports article is the sole basis for plaintiff's complaint against Morton & Bassett, as well as one other complaint filed in the Northern District of California (In re: McCormick & Company Litigation case no 5:22-cv-00349-EJD).

There are several questionable assumptions underlying the Consumer Report article conclusions. For example, the calculations underlying the categorizations are based in part on the assumption that individual consumers—including children—are consuming ¾ teaspoon per day of each spice, which is three times the ¼ teaspoon serving size established by the U.S. Food and Drug Administration under 21 C.F.R. 101.12. In addition, contrary to the approach taken by public health authorities in the U.S. and internationally, Consumer Reports rated the spices based on an undisclosed formula that aggregates exposures to lead, arsenic, and cadmium—compounds that pose distinct toxicity concerns which do not facilitate relative comparisons of risk based on low levels of exposure. *See* a description of Consumer Reports' methodology at: http://article.images.consumerreports.org/prod/content/dam/surveys/Consumer_Reports_Test_Methodology_for_Herbs_Spices_November_2021.

Defendant's position is that the plaintiffs lack article III standing to bring this lawsuit and have not sustained an injury in fact.

3.      **Legal Issues**

  A.      **Plaintiff's Statement**

Defendant filed a motion to dismiss on March 18, 2022. Pursuant to FRCP 15, Plaintiff intends to file an amended complaint in response to Defendant's motion. After the pleadings are settled, Plaintiff intends to move forward towards class certification.

JOINT CASE MANAGEMENT STATEMENT                                              2
CASE NO. 3:22-cv-00497-JD

### B. Defendant's Statement

Defendant filed a motion to dismiss on March 18, 2022 primarily under FRCP 12(b)1 and 12(b)6 for lack of jurisdiction and failure to state a claim. Plaintiffs requested to file an amended complaint, and the parties agreed to May 30, 2022 for the first amended complaint (FAC) to be due.

Defendants will review the FAC and may likely have similar grounds to renew (in good faith) the motion to dismiss.

### 4. Motions

Defendant filed a motion to dismiss on March 18, 2022. Plaintiff intends to file an amended complaint that will moot Defendant's motion to dismiss. No other motions have been filed.

### 5. Amendment of Pleadings

Plaintiff intends to file an amended complaint on or before May 30, 2022.

### 6. Evidence Preservation

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps necessary to preserve evidence relevant to the issues in this action.

### 7. Disclosures

The parties have agreed to exchange initial disclosures on or before May 18, 2022.

### 8. Discovery

#### A. Plaintiff's Statement

Plaintiff intends to commence with discovery shortly. The parties agree to serve all discovery requests and responses via email. Plaintiff anticipates seeking discovery regarding, among other things, the following: (1) all labeling, advertising, and marketing of the Spices; (2) the ingredients in the Spices; (3) all testing of the Spices; (4) all communications with consumers concerning heavy metals in the Spices; (5) all communications with third-parties concerning the

ingredients in the Spices; (6) the total sales and revenue generated from the sale of the Spices; and (7) any affirmative defense Defendant may raise.

### B. Defendant's Statement

Defendants will serve written discovery on plaintiff Matthews, including interrogatories and request for documents. Defendants will also subpoena records from Consumer Reports to obtain any documents used in the preparation of the 2021 article. Defendants will take the deposition of plaintiff Mathews and other witnesses identified by plaintiffs in their discovery responses.

**9.  Class Actions**

This action is being brought as a class action under Fed. R. Civ. P. 23. Plaintiff seeks to represent the following classes:

**Nationwide Class:**

All persons within the United States who purchased the Spices from the beginning of any applicable limitations period through the date of judgment.

**Illinois Subclass:**

All persons who purchased the Spices in the State of Illinois from the beginning of any applicable limitations period through the date of judgment.

The parties propose the following schedule for the class certification motion:

(1) Plaintiff will file her motion for class certification on January 26, 2023;

(2) Defendant will file its opposition to class certification on March 16, 2023; and

(3) Plaintiff will file her reply in support of class certification by April 27, 2023.

This proposal assumes that discovery commences promptly. If the discovery is delayed, Plaintiff may ask the Court to amend the above schedule.

**10.  Related Cases**

The parties are unaware of any related cases.

**11.  Relief**

Plaintiff seeks compensatory damages, restitution, disgorgement, injunctive relief, and

reasonable attorneys' fees, costs, and expenses.

**12.   Settlement and ADR**

The parties have engaged in preliminary settlement discussions, which are ongoing. The parties agree that private mediation is the appropriate form of ADR in this case if the parties are unable to reach a settlement on their own.

**13.   Consent to Magistrate Judge For All Purposes**

Plaintiff filed a declination to proceed before a magistrate judge on January 26, 2022.

**14.   Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

The parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

**16.   Expedited Trial Procedure**

The parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

**17.   Scheduling**

The parties respectfully submit that they will be in a better position to propose a pre-trial schedule after resolution of Plaintiff's anticipated motion for class certification. The Court's decision on class certification will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class-wide claims. Therefore, the parties propose that the Court schedule a case management conference approximately 30 days after it issues an order on Plaintiff's motion for class certification and require the Parties to meet and confer regarding the remainder of the pre-trial schedule at that time.

Should the Court wish to proceed with conventional scheduling, the parties propose the following agreed-upon case schedule:

| EVENT | DATE OR DEADLINE |
| --- | --- |

| Deadline to Amend Pleadings or Add Parties | July 1, 2022 |
|---|---|
| Deadline to File Motion for Class Certification and Supporting Expert Reports | January 26, 2023 |
| Deadline to File Opposition to Class Certification Motion and Supporting Expert Reports | March 16, 2023 |
| Deadline to File Reply in Support of Class Certification Motion | April 27, 2023 |
| Hearing on Motion for Class Certification | May 18, 2023 at 10:00 a.m. |
| Deadline to Complete Court-Sponsored Mediation | July 14, 2023 |
| Deadline to File Mediation Status Report | July 21, 2023 |
| Close of Fact Discovery | July 14, 2023 |
| Initial Expert Disclosures Due | July 28, 2023 |
| Rebuttal Expert Disclosures Due | September 1, 2023 |
| Close of Expert Discovery | September 29, 2023 |
| Last Day to File Dispositive Motions (limit of one per party) | October 12, 2023 |
| Hearing on Dispositive Motions | December 7, 2023 |
| Final Pretrial Conference | January 18, 2024 |
| Jury/Bench Trial | January 29, 2024 |
| Length of Trial | 7-10 court days |

**18.** **Trial**

The parties request a jury trial. The parties anticipate that a trial in this matter would last approximately 7-10 court days.

**19.** **Disclosure of Non-party Interested Entities or Persons**

The parties do not believe any non-party entities or persons have an interest in this case.

**20.** **Professional Conduct**

Counsel for the parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other Matters**

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  April 28, 2022          Respectfully submitted,

                                        **SHUB LAW FIRM LLC**

                                      By:  */s/ Jonathan Shub*
                                                Jonathan Shub

Jonathan Shub (SBN 237708)
Kevin Laukaitis*
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff*

Dated:  April 28, 2022          **KELLER & HECKMAN, LLP**

                                      By:  */s/ Robert S. Niemann*
                                                Robert S. Niemann

Robert S. Niemann (SBN 87973)
Natalie E. Rainer (SBN 252456)
Three Embarcadero Center, Suite 1420
San Francisco, CA 94111
Tel: (415) 948-2800
Email: niemann@khlaw.com
Email: rainer@khlaw.com

*Attorneys for Defendant*